IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Criminal Case No. 23-cr-00049-PAB-3

UNITED STATES OF AMERICA,

    Plaintiff,

v.

3. LEONARDO MEDINA,

    Defendant.

# ORDER

This matter is before the Court on defendant Leonardo Medina's Motion to Strike Expert Testimony of Andrew Cohen [Docket No. 406]. On March 11, 2025, the government filed a response. Docket No. 416.

## I.  BACKGROUND

On February 22, 2023, Mr. Medina was charged with conspiracy to distribute methamphetamine, fentanyl, and cocaine, and with distribution of methamphetamine and fentanyl. Docket No. 1 at 1-3, 13, 16-18.

In January 2025, the government identified FBI Special Agent Andrew Cohen as "an expert in narcotics trafficking." Docket No. 399 at 4-5. The parties agreed that the government would provide a disclosure pursuant to Fed. R. Crim. P. 16 by March 1, 2025 for Special Agent Cohen. *Id.* at 5. On February 26, 2025, the government disclosed to Mr. Medina that Special Agent Cohen would testify about the following topics:

>(1) general practices of the illegal drug trade;
>(2) the use and meanings of code words or terms used in conversation furthering the illegal drug trade, both in general and within the context of this case;
>(3) the quantity of methamphetamine, and fentanyl associated with distribution rather than personal use;
>(4) the wholesale and retail values of methamphetamine, and fentanyl;
>(5) the use of counter-surveillance techniques in illegal narcotics trafficking.

Docket No. 406-1 at 2. The disclosure then provided a summary of Special Agent Cohen's opinions on these topics. *Id.* at 3-8.

## II. ANALYSIS

Mr. Medina moves to strike Special Agent Cohen's testimony for the following reasons: (1) the Rule 16 disclosure for Special Agent Cohen is deficient; (2) Special Agent Cohen's opinions are not appropriate expert testimony under Fed. R. Evid. 702; (3) Special Agent Cohen's opinions would be barred pursuant to Fed. R. Evid. 704(b); and (4) Special Agent Cohen will act as an improper summary witness. Docket No. 406 at 2-8.

### A. Sufficiency of Rule 16 Disclosure

Mr. Medina argues that the government's Rule 16 disclosure provides "no indication in the government Notice of what, if any methodology Cohen used in arriving at his opinions, nor is there any explanation for how his professional experience leads him to reach conclusions he offers or how that experience is a sufficient basis for the opinions he renders." *Id.* at 6. The government argues that it provided Special Agent Cohen's curriculum vitae that shows that he has "over a decade of law enforcement experience" that includes "years of constant exposure to drug trafficking investigations." Docket No. 416 at 5-6 (citation omitted). The government states that it identified the

2

matters that Special Agent Cohen would opine on and that he is qualified to render such opinions. *Id.* at 6.

Rule 16(a)(1)(G)(iii) of the Federal Rules of Criminal Procedure requires that the government disclose the following in its disclosures for expert witnesses:

- a complete statement of all opinions that the government will elicit from the witness in its case- in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

- the bases and reasons for them;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G)(iii). Mr. Medina challenges whether the Rule 16 disclosure adequately discloses the bases for Special Agent Cohen's opinions and whether he has the qualification to form those opinions. *See* Docket No. 406 at 6-7.

First, as to Special Agent Cohen's qualifications, the Rule 16 disclosure states that Special Agent Cohen has "developed an expertise in the methods and practices used by drug traffickers, including but not limited to, the flow of narcotics, patterns of activity, methods of transportation, common terminology, and materials utilized in the practice of drug trafficking." *Id.* Specifically, the Rule 16 disclosure identifies Special Agent Cohen's "experience and training" as including "years of constant exposure to drug trafficking investigations and interviews with witnesses, former defendants, informants, and others who are familiar with the illicit drug trade." *Id.* at 2-3. The government attached Special Agent Cohen's curriculum vitae to the Rule 16 disclosure that demonstrates that Special Agent Cohen has sufficient experience upon which to

3

base his opinions.  Docket No. 406-2.  Thus, the Court finds that the Rule 16 disclosure sufficiently describes the qualifications Special Agent Cohen has to form his opinions.

Second, as to methodology, the Rule 16 disclosure describes the methodology Special Agent Cohen used to arrive at his opinions regarding the meaning of coded language.  Docket No. 406-1 at 5-6.  Mr. Medina further argues that the Rule 16 disclosure does not adequately describe the methodology that Special Agent Cohen used to arrive at his opinions regarding the general practices of the illegal drug trade, the quantity of methamphetamine and fentanyl associated with distribution rather than personal use, the wholesale and retail values of methamphetamine and fentanyl, and the use of counter-surveillance techniques used in narcotics trafficking.  Docket No. 406 at 6-7.  Mr. Medina argues that the Rule 16 disclosure does not explain how Special Agent Cohen's "professional experience leads him to reach the conclusions."  *Id.* at 6.

Rule 16 requires that disclosures contain the "bases and reasons" for the opinions.  Fed. R. Crim. P. 16(a)(1)(G)(iii).  The Rule 16 disclosure sufficiently describes Special Agent Cohen's opinions as being based upon his "training and experience," that has included "years of constant exposure to drug trafficking investigations" and "interviews with witnesses, former defendants, informants, and others," which has allowed him to develop an "expertise in the methods and practices used by drug traffickers."  Docket No. 406-1 at 2-3.  Special Agent Cohen's attached curriculum vitae elaborates in greater detail the nature of his expertise that forms the basis for his opinions.  Docket No. 406-2; *see United States v. Goxcon-Chagal*, 886 F. Supp. 2d 1222, 1253-54 (D.N.M. 2012) (finding that the government's Rule 16 disclosure for a DEA special agent was sufficiently specific to satisfy Rule 16(a)(1)(G) where it stated

4

his opinions on whether the "quantity of methamphetamine in question is a distributable amount, as opposed to personal use amount," the "monetary value of the seized methamphetamine," and "general aspects of narcotics investigations" were based on his qualifications, prior involvement with narcotics distribution investigations, and his "personal knowledge of prices of narcotics in the Albuquerque, New Mexico area, as well as common means of packaging of various narcotics and concealment methods utilized by narcotic traffickers while transporting narcotic"); *United States v. Jackson,* 51 F.3d 646, 651 (7th Cir. 1995) (holding that a Rule 16 disclosure satisfied Rule 16's requirement that expert disclosures provide the bases and reasons for the opinions because "[i]n the context of testimony regarding the drug courier profile, notification that the witnesses would be testifying from years of experience as narcotics agents is sufficient").  Accordingly, the Court finds that the Rule 16 disclosure for Special Agent Cohen complies with the requirements of Rule 16(a)(1)(G)(iii).

While Mr. Medina characterizes his arguments as challenges to the sufficiency of the Rule 16 disclosure, even if the Court considered Mr. Medina's arguments as a Rule 702 challenge, the Court nonetheless finds that Special Agent Cohen's opinions are not inadmissible under Rule 702 for a lack of proper qualifications or failure to apply a reliable methodology.  Under Rule 702, where the expert testimony is non-scientific, "reliability depends heavily on the knowledge and experience of the expert, rather than the methodology or theory behind it."  *United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000); *see also United States v. Garza,* 566 F.3d 1194, 1198-99 (10th Cir. 2009) (holding that a police officer's testimony, regarding the ways in which firearms are used in connection with drug trafficking, satisfied Rule 702(c)'s requirement that "the

5

testimony is the product of reliable principles and methods" because police officers "can acquire specialized knowledge of criminal practices").  "If the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts."  Fed. R. Evid. 702, Advisory committee's notes.

Special Agent Cohen's experience is explained in his curriculum vitae and the Rule 16 disclosure statement, namely, that Special Agent Cohen had experienced "years of constant exposure to drug trafficking investigations" that has included "interviews with witnesses, former defendants, informants, and others."  Docket No. 406-1 at 2-3; *see Goxcon-Chagal,* 886 F. Supp. 2d at 1241 (finding that a DEA agent was qualified to "offer opinion testimony regarding the operations of narcotics trafficking organizations" due to his "significant experience investigating drug organizations as well as the methods they use to avoid law enforcement" and the DEA agent's "history that indicates he has acquired a significant knowledge, training, and experience working on drug cases").  The Rule 16 disclosure explains that Special Agent Cohen's experience has allowed him to develop an "expertise in the methods and practices used by drug traffickers, including but not limited to, the flow of narcotics, patterns of activity, methods of transportation, common terminology, and materials utilized in the practice of drug trafficking."  Docket No. 406-1 at 2.  The Rule 16 disclosure goes on to detail Special Agent Cohen's opinions, which are tied to Special Agent Cohen's personal law enforcement knowledge and experience in investigating drug trafficking organizations, regarding "the flow of narcotics," "patterns of activity,"

6

"methods of transportation," and "materials utilized in the practice of drug trafficking". *Id.* at 2-5. The Court finds that the government sufficiently explains Special Agent Cohen's experience, why that experience is sufficient to form the basis for his opinions, and how that experience is reliably applied to the facts.

### B. Appropriateness of Opinions Under Fed. R. Evid. 702(a)

Mr. Medina argues that Special Agent Cohen's testimony is excludable under Rule 702(a) because it consists of information that is "well within the knowledge of an untrained layperson." Docket No. 406 at 5. He argues that there is "nothing about the alleged [drug trafficking organization] in this case which would be considered sophisticated or complex, or beyond the average juror's ability to comprehend." *Id.* The government responds that an average layperson has no reason to know that certain coded words refer to narcotics. Docket No. 416 at 3. Furthermore, the government argues that Special Agent Cohen would testify regarding the "regular practices of drug traffickers" and provide "contextual information regarding the values and common weights of narcotics." *Id.* at 4-5. The government argues that such testimony is useful to the jury and concerns information that is not within the common knowledge of jurors. *Id.*

Rule 702(a) requires that the proponent of an expert witness must demonstrate that it is more likely than not that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). The Court rejects Mr. Medina's argument that "knowledge of the general practices of the illegal drug trade is common knowledge in our society today," that Special Agent Cohen's testimony would not help the jury understand the

evidence or to determine a fact in issue. Docket No. 406 at 4. The Tenth Circuit recognizes that courts "routinely allow law enforcement experts with 'other specialized knowledge' to opine as to the means and methods of the narcotics trade." *United States v. Garcia*, 635 F.3d 472, 477 (10th Cir. 2011) (quoting Fed. R. Evid. 702(a)). "Because the average juror is often innocent of the ways of the criminal underworld, expert testimony is allowed in order to provide jurors a context for the actions of defendants." *Id.* The Court finds that information such as whether coded words refer to narcotics, the values and common weights of narcotics, and common practices that drug traffickers use concern "means and methods of narcotics trade" that are permitted under Fed. R. Evid. 702. *See Garcia,* 635 F.3d at 477.

Accordingly, the Court finds that the government has shown that it is more likely than not that Special Agent Cohen's specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue. *See* Fed. R. Evid. 702(a).

### C. Appropriateness of Opinions Under Fed. R. Evid. 704(b)

Mr. Medina indicates that he would "strongly object," pursuant to Rule 704(b), to an attempt by Special Agent Cohen to testify that "the evidence points to Mr. Medina having the requisite mental state necessary to commit some or all of the crimes charged." Docket No. 406 at 7. The Court credits the government's assertion that Special Agent Cohen will not testify to matters prohibited by Rule 704(b). Docket No. 416 at 6. Accordingly, the Court will not exclude Special Agent Cohen's opinions based upon speculation that they may be barred under Rule 704(b).

### D. Whether Special Agent Cohen is an Improper "Summary" Witness

Mr. Medina argues that there is a "real danger" that the government will use Special Agent Cohen's testimony as a means to "sum up or tie together the government's case in the form of expert testimony." Docket No. 406 at 7. The Court credits the government's assertion that Special Agent Cohen's testimony will not "circumvent the rules of evidence" by impermissibly using Special Agent Cohen's testimony to "sum up or tie together" the government's case. Docket No. 416 at 7 (citation omitted). There is no indication that Special Agent Cohen would impermissibly sum up or tie together the government's case, particularly because Special Agent Cohen was not the case agent assigned to Mr. Medina's case. *See United States v. Mendoza*, 236 F. App'x 371, 384 (10th Cir. 2007) (unpublished) ("the use of a case agent as an expert increases the likelihood that inadmissible and prejudicial testimony will be proffered, in particular, when the expert goes beyond his expertise and summarizes his beliefs about the defendant's conduct based upon his knowledge of the case"). Regardless, at trial, Special Agent Cohen will not be permitted to "simply recap substantial portions of the Government's case-in-chief" or "repeat its entire case-in-chief shortly before jury deliberations." *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003). If Special Agent Cohen appears to be summarizing the evidence during his testimony, Mr. Medina can, of course, object.

III. **CONCLUSION**

Therefore, it is

**ORDERED** that the Motion to Strike the Expert Testimony of Andrew Cohen [Docket No. 406] is **DENIED**.

DATED March 20, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge